MATHEWS, Justice.
This is an appeal from a final decree in chancery which construed F.S. §§ 642.01 and 642.02, F.S.A., and a notice given to the appellee, pursuant to said sections.
In the Court below many questions were presented and decided which are not now before this Court.
The pertinent parts of the final decree are paragraphs 7 and 9, which are as follows :
“7. It is within the jurisdiction of the Insurance Commissioner to determine that a designated policy is ‘unjust’, ‘unfair’, or ‘inequitable’ within the meaning of Section 642.02, F.S.A. because the premium charged is unreasonably disproportionate to the *323 benefits afforded by the policy. A notice- of hearing on this question, however, must specify the policy or policies as to which such hearing shall be held. Each policy must be judged on its own merits. A charge that a particular policy (or a group of policies) is ‘unjust,’ ‘unfair’ or ‘inequitable’ merely because in a given short period of time the premiums received greatly exceed the benefits paid in one state is wholly insufficient. Too many other factors may cause a temporary condition of this nature when the premiums charged are actually just, fair, and equitable.
“9. For the -reasons stated specification 1 of Charge 2 is insufficient basis for a hearing but a hearing may properly be had under specification 2 of Charge 2 or under a new notice conforming to the law as herein announced.”
The real question involved is whether or not the notice given to the appellee is sufficient under the provisions of the sections of the statute above cited.
The appellee insisted that the Commissioner did not have the authority under the statutes involved to make the preliminary determination which he made and to give the notice which was given. The statute provides that if the Commissioner should at any time be of the opinion that any insurer should discontinue the use of a policy form, application, rider or endorsement because the same contained provisions which he considered to be unjust, unfair, inequitable, etc., he should at any time after hearing as contemplated by F.S. § 642.02, F.S.A., withdraw his approval for any form on any of the grounds “stated in this section.” One of the grounds stated in this section for withholding approval in the first place is that approval may be withheld if, in the opinion of the Commissioner, the benefits provided therein are unreasonable in relation ' to the premium charged. There can be no dispute about the fact that if the benefits provided for are unreasonably disproportionate in relation to the premiums charged, then the same would be unjust, unfair or inequitable. The Chancellor correctly found against the appellee on this question and held that the Commissioner did have authority to determine that a policy is unjust, unfair or inequitable because the premium charged is unreasonably disproportionate to the benefits afforded by the policy. However, this question is not now before the Court, because it was not properly raised in assignments of error and briefs.
The appellee filed no cross-assignments of error and all assignments of error, except that relating to the sufficiency of notice, were specifically abandoned by the appellant.
The notice addressed to the appellant, among other things, contained the following:
“You are hereby notified that * * the policy forms, hereinafter set forth * * * contain provisions which are unjust, unfair, inequitable, * * *; contrary to law, and to public policy of this state * * *
“1. That the net premiums received * * * during the years of 194-8 and 1949, amounted to $1,779,254.26 and for the same period of time the net losses paid' by the company amounted to $518,986.58. This resulted in the -holders of such policies receiving only 32.54% of their premium dollar for benefits, which is unjust, unfair, inequitable, contrary to law and to public policy of this state, in that the value of the benefits provided therein are unreasonable in relation to the premium charged, * * *
“A hearing will be held in * * * to afford you the opportunity to show cause why an order disapproving the policy forms ' hereinabove set forth should not be entered in this cause.”
F.S. § 642.01, F.S.A., among other things, provides:
“All insurers empowered by the -laws of this state to.enter into contracts of insurance for accident and sickness insurance shall be subject to all provisions of this chapter unless specifically exempted therefrom. No policy *324 .of insurance against loss or expense from sickness or from bodily, injury or death by accident of the insured shall be issued or delivered to any person in this state, nor shall any application, rider or ■ endorsement be used therewith, until a copy of the form thereof and of the. classification of risks and premium- rates or, in the case of cooperatives or assessment companies, the estimated cost pertaining to contracts issued by them, have been filed with the insurance commissioner; and no such .policy shall be issued, nor- shall any, such application, rider or endorsement be used in connection therewith,, until the expiration of thirty days after form thereof has been so filed with the insurance commissioner, unless the insurance commissioner shall sooner give his written approval thereof. * * * In any notification disapproving the use of any such form; the insurance commissioner shall set forth therein the reasons for his disapproval and shall advise the insurer that, -a hearing may be had with respect to such order of disapproval after request in writing by. the insurer therefor, such hearing to be held and notice thereof given in. conformity to the provisions of § 642.02. If the insurance commissioner shall at any time be of the opinion that any insurer should discontinue use of any such policy form, application, rider or endorsement because such policy form, application, rider or endorsement contains provisions which are unjust, unfair, inequitable, misleading, contrary to law or to public policy of this state, or because, such policy is sold in such manner as to mislead the insured, or because insurance un- ■ der such policy is being solicited by any means of advertising, communication or dissemination of information which involves misleading or inadequate description of the provisions of the policy, the insurance commissioner may at any time, after hearing as contemplated by § 642.02, withdraw his approval of any such form on any of the grounds stated in this section. * * ” F.S. § 642.02, F.S.A., provides in part
as follows:
“The notice of any hearing contemplated by the provisions of § 642.01 shall specify the matters to be considered at such hearing, and any determination of the insurance commissioner affirming disapproval or affecting withdrawal of approval of any such policy form, application, rider or endorsement shall be in writing and shall specify the reasons therefor. Such notice of hearing shall be served upon the insurer by registered mail; and any hearing provided for in such notice shall be held at the office of the insurance commissioner in Tallahassee, Florida, and on a date at least thirty days subsequent to the date of mailing of such notice. Any order entered by the insurance commissioner in pursuance of any such hearing requiring an insurer to discontinue the use of any such policy form, application, rider or endorsement, or affirming disapproval of the issuance and use of any such policy form, application, rider or endorsement, as contemplated by § 642.01, may be reviewed by the circuit court of Leon county, Florida, by writ of certiorari. * * * ”
The two sections should be construed in pari materia and this rule of construction is emphasized by the fact that each section specifically refers to the other section. For example, the notice provided for in F.S. § 642.01, F.S.A., must be in conformity to the provisions of F.S. § 642.02, F.S.A.
In the sections of the final decree hereinabove quoted it is significant to note that the chancellor determined that it was “within the jurisdiction of the insurance commissioner to determine that a designated policy is ‘unjust’, ‘unfair’ or ‘inequitable’ because the premium charged is unreasonably disproportionate to the benefits afforded by the policy” and also held that the notice must specify the policy, *325 or policies, as to which such hearings shall be held. He then qualified the last above mentioned holdings by determining that “a charge that a particular policy, or a group of policies, is unjust, unfair or inequitable merely because in a given short period of time the premiums received greatly exceeded the benefits paid in one State is wholly insufficient. Too many other factors may cause a temporary condition of this nature where the premiums charged are actually just, fair and equitable.”
The charge contained in the notice was that the provisions of the policy forms, etc. were unjust, unfair, inequitable — -contrary to law and to the public policy of this State. The bill of particulars, or specification, with -reference to such charge, was that the value of the benefits provided therein are unreasonable in relation to the premium charged.
The charge and the specification contained in the notice were sufficient. They were not conclusive upon anyone. They mean no more than that from the information in possession of the Commissioner, which would include all reports required by law to be filed with the appellant, he was of the opinion that these charges appeared to be true and the appellee was notified of the time and place of a hearing, and it was called upon “to show cause why an order disapproving the policy forms should not be entered.” The Commissioner is not required to set forth in the notice, facts or evidence in his possession upon which his preliminary determination was made.
It is urged that the information obtained by the Commissioner of the operations for only a two-year period was not sufficient upon which to base the notice, charge and specification, because too many other factors should be considered when it is charged that the premiums are unjust, unfair and inequitable, and the Chancellor so found.
On a hearing before the Commissioner under the notice, charge and specification, every pertinent factor relating to the charge and specification may be presented by the appellee.
It is true that the statutes do not authorize the Commissioner to fix a rate, or rates, but they do authorize him to form an opinion from the facts in his possession as to whether or not the rates are just, fair and equitable.
The matters complained about by the appellee, which it is alleged were not considered by the Commissioner in making his preliminary determination and giving 'the notice, are mostly within the peculiar knowledge of the appellee. On a hearing, pursuant to -the notice, charge and specification, the appellee should be given the widest latitude in showing reasons why the preliminary determination of the Commissioner was wrong. After a hearing upon the notice, charge and specification and the evidence, should the appellee be dissatisfied with the final determination of the Commissioner, he has his remedy by certiorari as provided for in F.S. § 642.02, F.S.A.
That part of the final decree covered by paragraphs No. 7 and No. 9, wherein the Court held that the notice was “wholly insufficient” or that “specification 1 of Charge 2 is insufficient”, should be and is hereby reversed, and the balance of the decree is hereby affirmed.
Affirmed in part, and reversed in part, with directions to modify the final decree in accordance with this opinion.
TERRELL, Acting Chief Justice, and SEBRING and BARNS, JJ., concur.